# UNITED STATES DISTRICT COURT

# WESTERN DISTRICT OF LOUISIANA

# LAKE CHARLES DIVISION

| | | |
|---|---|---|
| **DAMON SHALLOW** | : | **DOCKET NO. 2:06-cv-480**<br>Section P |
| **VS.** | : | **JUDGE MINALDI** |
| **DIRECTOR, IMMIGRATION &<br>CUSTOMS ENFORCEMENT, ET AL.** | : | **MAGISTRATE JUDGE WILSON** |

## REPORT AND RECOMMENDATION

Currently before the court is a petition for writ of *habeas corpus* filed pursuant to 28 U.S.C. § 2241 by *pro se* petitioner, Damon Shallow. By this petition, the petitioner challenges his detention as unlawful and seeks his release from custody. This matter has been referred to the undersigned magistrate judge for review, report, and recommendation in accordance with 28 U.S.C. § 636(b)(1)(B).

## FACTS

Petitioner states that he is a citizen of St. Vincent-Grenadines who was admitted to the United States as an immigrant in June, 1993.

In April, 2001, petitioner was convicted in the United States District Court for the Western District of New York of a firearms violation. On the basis of this conviction, a Notice to Appear was issued against petitioner on January 28, 2004, charging him with being removable under INA § 237(a)(2)(A)(iii), as an alien convicted of an aggravated felony any time after his admission.

Petitioner appeared before an immigration judge on October 19, 2004 and was found to be removable as charged. Petitioner appealed this decision to the Board of Immigration Appeals (BIA), and on March 8, 2005, the BIA dismissed petitioner's appeal. Petitioner states that he then filed a timely appeal of the BIA's decision with the United States Court of Appeals for the Second Circuit

which is currently pending.[1]

Additionally, on May 10, 2005 petitioner filed a *habeas corpus* petition in the United States District Court for the Eastern District of New York wherein he challenged his removal order. *Shallow v. Gonzalez*, 1:05-cv-2276 (E.D.N.Y.). On May 11, 2005, the district judge in New York entered an order staying petitioner's removal pending resolution of his claims. *Id.*, doc. 2. On February 28, 2006, the district judge issued an order finding that as a result of § 106 of the REAL ID Act of 2005 the district court lacked jurisdiction to consider the petitioner's challenge to his removal order and directing the Clerk of Court to transfer the petition to the Fifth Circuit Court of Appeals for further proceedings. *Id.*, doc. 7. The transfer order specifically stated that **"The stay of deportation, granted by this court on May 11, 2005, remains in full force and effect until such time that this Court or another of competent jurisdiction orders otherwise."** *Id.*, doc. 7, p.2 (Emphasis in original).

On February 23, 2006, petitioner filed a petition in the United States District Court for the Eastern District of Louisiana wherein he challenges only his continued detention. By order dated March 7, 2006, that court transferred this petition to the United States District Court for the Western District of Louisiana. It was received and filed in this court on March 17, 2006.

## LAW AN D ANALYSIS

Petitioner claims that he has been in post-removal-order detention since March 8, 2005 when the BIA dismissed his appeal and his removal order became administratively final. Thus, he claims that he has been detained beyond the six-month removal period recognized by the Supreme Court as presumptively reasonable in *Zadvydas v. Davis,* 121 S.Ct. 2491, 2498 (2001), and he seeks his

---

[1]The undersigned has verified that petitioner has an appeal of the BIA's ruling currently pending with the Second Circuit, *Shallow v. Bureau of Immigration & Custom Enforcement*, 05-1344 (2nd Cir.).

immediate release from custody.

Section 241 of the Immigration & Nationality Act (INA) governs the detention of aliens who have been ordered removed from the United States. INA § 241(a)(1)(A) generally provides the Attorney General with 90 days to effect the removal of an alien from the United States after an order of removal. This period of 90 days is referred to as the "removal period." By operation of INA § 241(a)(1)(B), the removal period begins on the latest of three dates:

(i) The date of the order of removal becomes administratively final.

(ii) If the removal order is judicially reviewed and if a court orders a stay of the removal of the alien, the date of the court's final order.

(iii) If the alien is detained or confined (except under an immigration process), the date the alien is released from detention or confinement.

During the removal period, the alien is subject to mandatory detention. *See* INA § 241(a)(2). Detention beyond the 90-day removal period is authorized under INA § 241(a)(6) for certain inadmissible or criminal aliens.[2]

From the facts recited above, it is clear that petitioner has sought judicial review of his removal order in at least two courts, the Second Circuit Court of Appeals and the U.S. District Court for the Eastern District of New York[3], and that at least one of these courts has entered a stay of his removal pending the outcome of that review.[4] Consequently, petitioner's removal period has not yet

---

[2]In *Zadvydas v. Davis*, 121 S.Ct. 2491 (2001), the United States Supreme Court held that in order for post-removal detention under INA §241(a)(6) to be constitutional, it must be limited "to a period reasonably necessary to bring about that alien's removal from the United States." *Zadvydas*, 121 S.Ct. at 2498. The Supreme Court went on to recognize six months as a presumptively reasonable period of detention for immigration detainees following a final order of removal. *Zadvydas*, 121 S.Ct. at 2504.

[3]This petition for review has been transferred to the Fifth Circuit, with the stay of removal still in effect.

[4]Petitioner filed a motion to stay his removal with the Second Circuit on March 25, 2005. This motion remains pending at the current time. *See Shallow v. BICE*, 05-1344 (2nd Cir.).

commenced[5] and will not commence until the court reviewing his removal order issues a final order. *See* INA § 241(a)(1)(B)(ii). Therefore, this *habeas corpus* petition challenging petitioner's detention is premature. *See Campbell v. Chertoff*, 2005 WL 2989711 (E.D. Pa. 2005); *Singh v. Holmes*, 2004 WL 2280366 (W.D.N.Y. 2004).

Accordingly,

IT IS RECOMMENDED that petitioner's challenge to his post-removal-order detention be DENIED as premature and that this petition be DISMISSED without prejudice.

Under the provisions of 28 U.S.C. §636(b)(1)(C), the parties have ten (10) business days from receipt of this Report and Recommendation to file any objections with the Clerk of Court. Timely objections will be considered by the district judge prior to a final ruling.

**FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS AND RECOMMENDATIONS CONTAINED IN THIS REPORT WITHIN TEN (10) BUSINESS DAYS FROM THE DATE OF ITS SERVICE SHALL BAR AN AGGRIEVED PARTY FROM ATTACKING ON APPEAL, EXCEPT UPON GROUNDS OF PLAIN ERROR, THE UNOBJECTED-TO PROPOSED FACTUAL FINDINGS AND LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT COURT.**

THUS DONE AND SIGNED in Chambers at Lake Charles, Louisiana, this 4th day of April, 2006.

*/s/ Alonzo P. Wilson*
ALONZO P. WILSON
UNITED STATES MAGISTRATE JUDGE

---

[5] Even if this court were to determine that the removal period commenced on March 8, 2005 when petitioner's removal order became administratively final, the subsequent granting of a stay by the U.S. District Court for the Eastern District of New York on May 11, 2005 would have tolled the running of this removal period from that time until the present. INA § 241(a)(1)(B)(ii) and § 241(a)(1)(C). Thus, the conclusion of this court (that petitioner's challenge to his detention is premature) would be the same.

4